FIDELITY & COLUMBIA TRUST CO., EXECUTOR, ESTATE OF JAMES A. SHUTTLEWORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40672.    Promulgated October 30, 1930.

*William Marshall Bullitt, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

TRAMMELL: After a hearing in this proceeding, the Board promulgated its decision and opinion on July 3, 1930. In its opinion promulgated as aforesaid, the Board said:

\* \* \* The testimony does not indicate that Trusts Nos. 2700 and 2701 here involved included any property or securities which had been included in the original trust or the income therefrom. This is left for inference. It may be true and it may not. If it were a fact the petitioner's testimony should have disclosed it.

The respondent has determined that the assets included in Trusts Nos. 2700 and 2701 should be included in the decedent's gross estate. The determination of the respondent is prima facie correct and will be taken by us as correct unless evidence is introduced by the petitioner to show that this action is incorrect. In the absence of evidence on this question, we affirm the action of the respondent with respect to Trusts Nos. 2700 and 2701.

Thereafter by consent of counsel, a rehearing, in so far as Trusts Nos. 2700 and 2701 were concerned, was had, and further evidence was introduced.

The evidence discloses that the assets making up the corpus of these two funds, Nos. 2700 and 2701, were securities purchased from time to time from income arising from the original trust which had been created in 1905 after such income had first been credited by the trustee to Mrs. Shuttleworth on an account kept separately from the trust account.

While the creator of the original trust had the right to revoke it in whole or in part, no authority was given him in the trust instrument to withdraw any part of the income from the original trust after it had been paid to Mrs. Shuttleworth and credited to her on her separate account.

In our opinion heretofore promulgated we held that the income from the original trust credited to Mrs. Shuttleworth's income account became her property and was not a part of the decedent's estate at the time of his death. Since the testimony now shows that the two trusts, Nos. 2700 and 2701, were made up of such income, we think the same principle is applicable and they should not be considered to be a part of the decedent's gross estate.

Mrs. Shuttleworth, the beneficiary of the original trust, was also beneficiary of these two trusts, No. 2700 and 2701, in so far as the income arising therefrom was concerned, during the life of the trust which was for ten years, and after the termination of the trust the corpus thereof was payable to Mrs. Shuttleworth's nieces. All of the income from all three trusts was payable to Mrs. Shuttleworth. It was all credited to her income account on the books of the trustee and she paid the income tax thereon for all years, the income-tax returns having been made by the trustee for her.

We see no reason to hold differently with respect to these two trusts than we held with respect to the accumulated income in the original trust. In fact, these two trusts were created out of the accumulated income of the original trust and should not be included in the decedent's gross estate.

*Judgment will be entered under Rule 50.*